UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA W., <br><br> Plaintiff, <br><br> v. <br><br> Andrew M. SAUL, <br><br> Defendant. | Case No.: 21-cv-0103-AGS <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (ECF 2) AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM** |

Plaintiff moves to proceed in forma pauperis (IFP). Plaintiff qualifies to proceed without paying the filing fee, but an initial review of the complaint shows it fails to state a claim for relief. So, the Court grants plaintiff's IFP motion but dismisses the complaint with leave to amend.

### Motion to Proceed In Forma Pauperis

Typically, parties instituting a civil action in a United States district court must pay a $402 filing fee. *See* 28 U.S.C. §§ 1914(a); 1915. But if granted the right to proceed IFP, a plaintiff can proceed without paying the fee. *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff lists monthly household living expenses as $1,587.00 and household income as $780. (ECF 2 at 2, 5.) Plaintiff is not currently employed, although she worked for Uber and Lyft for a period in the first half of 2020 for approximately $100/month each. (*Id.* at 1-2.) Plaintiff has $75 cash on hand and receives assistance from an adult daughter

to meet her expenses. (*Id.* at 2-3.) Plaintiff owns no assets. (*Id.* at 3.) So, the Court finds that plaintiff's negative income and cash history sufficiently shows an inability to pay the initial $402 fee.

## 28 U.S.C. § 1915(e) Screening

When reviewing an IFP motion, the court must screen the complaint and dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In the Social Security context, a plaintiff's complaint must set forth sufficient facts to support the legal conclusion that the Commissioner's decision was incorrect. "[T]o survive the Court's § 1915(e) screening," a plaintiff must (1) "establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision," (2) "indicate the judicial district in which the plaintiff resides," (3) "state the nature of plaintiff's disability and when the plaintiff claims she became disabled," and (4) "identify[] the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that plaintiff is entitled to relief." *Varao v. Berryhill*, No. 17-cv-02463-LAB-JLB, 2018 WL 4373697, at *2 (S.D. Cal. Jan. 31, 2018) (alteration and citation omitted).

Plaintiff's complaint fails to state a claim. Plaintiff recounts the procedural history before the Social Security Administration, which appears to have exhausted the available administrative remedies. (ECF 1, at 2.) She also resides in this district, and she identifies the nature of her disagreement with the Administration's ruling. (*Id.* at 1-3.) But, despite identifying those disagreements, she does not identify the nature of her disability or when she became disabled. (*Id.* at 2-3.) Although surviving § 1915(e) is a "low threshold," plaintiff's complaint does not have the requisite factual detail. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

**Conclusion**

For the reasons set forth above, the Court grants plaintiff IFP status and waives the filing fee. But the complaint is dismissed without prejudice. The Clerk is directed to administratively close this case. Plaintiff may automatically reopen the case by filing an amended complaint by **February 8, 2021**, addressing the concerns outlined in this order.

Dated: January 20, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge